UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALERIS ALUMINUM CANADA, L.P.,

       Plaintiff,                                  Case No. 09-10734-ger-sdp

v.                                                    Hon. Gerald E. Rosen

BEHR AMERICA, INC.,

       Defendant.
_____/

**ORDER GRANTING DEFENDANT'S**
**<u>MOTION TO SET ASIDE ENTRY OF DEFAULT</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      <u>June 12, 2009</u>

PRESENT: Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

The underlying case is brought by Aleris Aluminum, a Canadian manufacturer and supplier of aluminum products, against Behr America, a Tier 1 automotive supplier, regarding an alleged requirements contract between the parties. In its complaint, Aleris alleges *inter alia* that Behr breached its contract with Aleris. The dispute arises out of Aleris' suspending and then halting its production due to union pressures, followed by filing for bankruptcy in Canada. Behr subsequently purchased substitute goods elsewhere at a higher price and filed a breach of contract action in a currently-pending state court case.

By a motion submitted on June 9, 2009, Defendant asks the Court to set aside the default entered against it by the Court Clerk on May 18, 2009. Defendant alleges that the Court has good cause to set aside the default pursuant to Fed.R.Civ.Pro. 55(c). It argues it has a

meritorious claim and defense; no prejudice to the Plaintiff would result; and Defendant was not culpable or willful in bringing about the default.  This Court has considered Defendant's brief, and for reasons discussed briefly below Defendant's motion is GRANTED.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default "for good cause."  The Sixth Circuit has adopted three factors that must guide the Court in its exercise of discretion when considering whether to find good cause.  *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983).  Those three factors are whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.  *Id.*  This Court finds that each of these factors comes out in favor of Defendant, and a set-aside is in order.

"[T]he methodology for considering [the three factors] and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment."  *Waifersong, Ltd., Inc., v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  Here, Defendant seeks to set aside the entry of default.  "When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief," *id.*, rather than framing the issue in terms of "mistake, inadvertence, surprise, or excusable neglect."  This latter approach would instead apply specifically to an effort to set aside a default judgment.  *Waifersong*, 976 F.2d at 292.

The facts as presented[1] indicate that Defendant's default was not willful.  In brief,

---

[1]In analyzing the three factors of *United Coin Meter*, the Court will construe all ambiguous or disputed facts in the light most favorable to the defendant.  *See INVST Fin. Group, Inc. v. Chem-Nuclear Syss., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (*quoting Jackson v. Beech*, 636 F.2d 831, 837-38 (D.C. Cir. 1980)).

Plaintiff indicated to Defendant on April 28, 2009 that a Canadian bankruptcy trustee would be taking over the place of the Plaintiff to pursue the claim against Defendant.  While Defendant waited for a trustee to file an appearance, Plaintiff filed a Request for Notice of Default on May 15, 2009, of which Defendant received no notice.  On May 18, 2009, the default was entered by the Court Clerk, a fact of which Defendant only became aware when it filed its Motion to Dismiss on May 19, 2009 (Def.'s Br. at 2).  From these assertions the Court determines that the default was not willful, but rather a result of other factors (e.g., miscommunication, etc.) that the Court need not determine here.  Equitable relief on the issue of willful default is appropriate.

A set-aside would not prejudice Plaintiff.  There is no apparent prejudice to Plaintiff other than the obvious delay, but "delay alone is not a sufficient basis for determining prejudice," *INVST Fin. Group, Inc. v. Chem-Nuclear Syss., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (*quoting Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  The Court also believes that a significant portion of relevant pretrial preparations, including discovery, would be cumulative due to a previously-filed case between the parties presently pending in state court[2].  This belief supports a finding that no prejudice would result from setting aside the entry of default.

Finally, the alleged defense was meritorious.  If any defense relied upon states a defense good at law, then a meritorious defense has been advanced.  *United Coin Meter*, 705 F.2d at 845.  Likelihood of success is not the measure.  *Id*.  Defendant in its exhibits demonstrates that Plaintiff arguably induced Defendant to cover by explicitly declaring that it was shutting down production (Def.'s Exs. B, C).  Plaintiff declared its "obligation" to provide contracted-for

---

[2]This parallel state court proceeding is the subject of Defendant's pending Motion to Dismiss based upon the *Colorado River* doctrine.  This Motion will be addressed by the Court after Plaintiff files a response.

3

materials to be "indefinitely suspended," (Def.'s Ex. B), and then declared that its production site was to be closed permanently (Def.'s Ex. C). Without commenting on the merits of the alleged defense, the Court believes that Defendant's breach of contract defense is in fact good at law and therefore meritorious.

Having considered the three *United Coin Meter* factors, and having found each of them leaning strongly in favor of Defendant's motion, the Court finds that it is in the interest of substantial justice to set aside the entry of default pursuant to Fed.R.Civ.Pro. 55(c).

For reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's June 9, 2009 Motion to Set Aside an Entry of Default is hereby GRANTED.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: June 12, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 12, 2009, by electronic and/or ordinary mail.

                                      s/Ruth Brissaud
                                      Case Manager