UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALERIS ALUMINUM CANADA, L.P.,

                    Plaintiff,              No. 09-CV-10734-DT

vs.                                                      Hon. Gerald E. Rosen

BEHR AMERICA, INC.,

                    Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S *COLORADO RIVER* MOTION
TO STAY OR DISMISS PLAINTIFF'S PRINCIPAL COMPLAINT BUT
STAYING DEFENDANT'S COUNTER-CLAIM

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on            July 29, 2009

PRESENT:  Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

I.  INTRODUCTION

Plaintiff Aleris Aluminum Canada, L.P. ("Aleris Canada") is a Canadian limited partnership with its principal place of business in Quebec, Canada. Aleris Canada owns and operates an aluminum processing facility which manufactures light-gauge, flat-rolled aluminum products. Defendant Behr America, Inc. ("Behr") is a Delaware corporation with its principal place of business in Troy, Michigan. Behr is a manufacturer of automotive components that supplies to various major automobile manufacturers and Original Equipment Manufacturers ("OEMs") including General Motors, Chrysler, and

Ford.

This matter is presently before the Court on Defendant Behr's Motion for Application of the *Colorado River* Abstention Doctrine to Prevent Parallel Litigation in State and Federal Court on the grounds that parallel litigation is being carried out in Oakland County Circuit Court and in this federal court to determine the rights of substantially similar parties with respect to the same questions of law. Behr requests that the Court apply the *Colorado River* doctrine and dismiss this action without prejudice.

Plaintiff Aleris Canada opposes Behr's motion. Having reviewed and considered the parties' briefs, and having discussed this matter with counsel at a pretrial conference held on July 16, 2009, the Court finds that Plaintiff's opposition is well-taken. The state action, *Behr America, Inc. v. Aleris International and Aleris Rolled Products-North America*, Oakland Co. Cir. Ct. No. 2009-093109-CK, (Plaintiff's Response Brief Ex. 1) does not arise out of the same transaction or occurrence as this action and the eight *Colorado River* factors do not weigh in favor of abstention.

II.  PERTINENT FACTS

THE STATE COURT ACTION

On July 18, 2008 Behr America, Inc. ("Behr") filed a breach of contract complaint in the Oakland County Circuit Court. Behr, the state court plaintiff, is the Defendant in this federal court action. However, Aleris Aluminum Canada, L.P. ("Aleris Canada"), our Plaintiff, was not named as a defendant in the state court complaint; the complaint named instead Aleris International, Inc. and Aleris Rolled Product – North America,

Light Gauge Group (collectively, "Aleris").  Aleris is a Delaware corporation with its principal place of business in Wilmington, Delaware.  (Aleris Canada was recently added to the state case on June 9, 2009, after Behr filed its motion to dismiss this federal case. This development is discussed in more detail below.)

BEHR'S ALLEGATIONS IN THE STATE COURT ACTION

Behr's claims in the state court action are based upon the breach of an alleged "requirements" contract that obligated Aleris to deliver products to Behr for some indefinite time into the future.  Behr alleged in the state court complaint that the automotive industry operates on a "Just-In-Time" inventory control system in which goods are manufactured and shipped to the customers only shortly before the goods are actually required by the customer.  As such, assured sources of supply are critical to Behr's business and to its OEM customers' business, and a supplier such as Behr must be in a position to respond quickly by supplying component parts to its customers.  Behr argued in Oakland County that it had a requirements contract and a continuing purchase order relationship with Aleris whereby Aleris agreed to supply aluminum coils in response to periodic purchase orders sent by Behr.

According to the state court complaint, on July 2, 2008, David F. Charles, Vice President and Manager of Aleris, wrote to Rich Skwarek of Behr to tell him that the unionized work force at the at the Cap de la Madeleine, Quebec plant, which produces the aluminum coils sold by Aleris to Behr, had formally rejected the company's latest contract proposal.  (The union had been working without a contract since February 1,

2008.)  Aleris told Behr that it could not fill Behr's pending orders and comply with its requirements contract Behr because it had to "lock out" the unionized work force and "declare a state of Force Majeure," effective immediately.  On July 12, 2008, Mr. Charles wrote again to inform Behr of another rejected contract proposal and announced the permanent closure of the Cap de la Madeleine plant because of the "magnitude of the disruption caused by the labor unrest."

Without an assured supply of the aluminum coils from Aleris, Behr would be compelled to suspend deliveries of needed components to its OEM customers.  Therefore, on July 17, 2008, Dana Heintz, Corporate Legal Counsel for Behr, sent Aleris a Demand for Adequate Assurances ("Demand Letter").  The letter informed Aleris that the "lock out" of Aleris's unionized employees did not constitute an Excusable Event according to Behr's Production Purchasing General Terms and Conditions, incorporated by reference on all of Behr's purchase orders.

Ultimately, unable to fulfill its contractual obligations with its OEM customers as a result of losing its supply of aluminum from Aleris, Behr filed suit in Oakland County Circuit Court.  In its State court complaint, Behr requested that the court order specific performance of the contract (Count I); declaratory relief declaring that Behr is not in breach of the contract and that Aleris has breached the contract (Count II) and breach of contract damages (Count III) in the form of "cover" and other compensatory damages.

POST-STATE COMPLAINT DEVELOPMENTS

On February 19, 2009, (coincidentally one week before the filing of this action),

Aleris International (the American company) was dismissed from the state court action because of that entity's filing for bankruptcy. Then, on March 30, 2009, Aleris Canada, *our plaintiff*, filed for bankruptcy in Canada under Canadian law. The remaining defendant in the state court action, Aleris Rolled Products, thereafter argued before the state court that the action against it should also be dismissed, or stayed, because of Aleris Canada's Canadian bankruptcy, claiming that Aleris Rolled Products was an assumed name of Aleris Canada. (At the time it filed its complaint in the state court, however, Behr claimed that "Aleris Rolled Products" was an assumed name for Aleris International. Aleris International stated in pleadings that Behr's business relationship was with Aleris Canada, and Behr denied this. After Aleris International filed for bankruptcy, however, Behr reversed its position and agreed that "Aleris Rolled Products" was an assumed name of Aleris Canada.)

   On May 21, 2009, the state court ruled that it could not dismiss or stay the case against Aleris Rolled Products because Aleris Canada was not a party to the *Behr v. Aleris* action. The court, however, ruled that Behr would have the opportunity to amend its complaint to add Aleris Canada as a party-defendant "and serve it on Aleris Canada," at which point the court stated it would rule on the effect of the Canadian bankruptcy. The court concluded this order by staying the matter until Behr names a defendant that conducts business as Aleris Rolled Products and is *not* in bankruptcy. Behr amended its state court complaint on June 9, 2009 and added Aleris Canada as a party-defendant in that action. The state court thereafter once again considered the effect of the Canadian

5

bankruptcy and, on July 22, 2009, ordered the state case stayed due to Aleris Canada's bankruptcy.

THE FEDERAL ACTION

On February 26, 2009, Aleris Canada filed the instant action properly alleging diversity of citizenship as the basis for this Court's jurisdiction.  The Complaint in this action, however, does not involve claims pertaining the failure to continue providing aluminum after the July 2, 2008 work stoppage at the Quebec plant.  Rather, it involves a claim of failure of Behr to pay for multiple shipments of aluminum product that were *delivered to and accepted by Behr **prior to the shutting down Aleris Canada's manufacturing facilities*** and the cessation of shipments of aluminum to Behr.

According to the Complaint, Aleris Canada made multiple shipments of aluminum product to Behr's plant located in Ramos-Arizpe Coahuila, Mexico.  Behr accepted each of these shipments, and payment for the delivery was due 30 days after each delivery. Behr agreed, through Purchase Orders, to pay Aleris Canada for these shipments.  But Behr has failed and refused to pay for the shipments, despite Aleris Canada's demands. Behr alleges that it now has a balance owing of $1,593,547.50.  Additionally, between July 5, 2006 and October 20, 2008, Aleris Canada also delivered multiple shipments to Behr at its various plants located in the United States.  Behr accepted these shipments, and payment for the deliveries was due 30 days after each delivery.  Behr agreed again to pay Aleris Canada for these shipments, but now has refused, and has a balance owing of $1,091,788.39.  Therefore, Aleris Canada seeks damages in the total aggregate amount of

$2,685,335.89, plus continuing interest, and costs and attorney fees incurred in bringing this action alleging claims of breach of contract (Count I), quantum meruit-unjust enrichment (Count II), and account stated (Count III).

POST FEDERAL COMPLAINT FILINGS

On July 2, 2009, Behr filed a Counter-Claim in this action seeking "cover" damages for the aluminum coil it had to obtain from other suppliers after the July 2, 2008 work stoppage at Aleris Canada's plant. It seeks counter-damages against Aleris Canada in the amount of $2,680,000, plus interest, costs, and attorneys fees.

III.  DISCUSSION

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 15 (1983); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). However, in *Colorado River*, the Court held that in the interest of judicial economy, a federal court may abstain from deciding a federal court action in deference to a pending state proceeding in certain circumstances, relying on the consideration of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817. Abstention from the exercise of federal jurisdiction, however, "is the exception, not the rule." *Id.* A court may abdicate its responsibility to adjudicate a controversy properly before it "only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Id.* at 813. However, even in such exceptional cases, "the

balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

The first step in determining whether a case presents the "extraordinary and narrow exception" to the obligation of a district court to exercise jurisdiction over a case properly before it is to determine whether the federal and state proceedings are "parallel." *Romine v. Compuserve Corp.*, 160 F3d 337 (6th Cir,. 1998); *Inrecon, LLC v. Highlands Ins. Co.*, 284 F. Supp. 2d 773, 778 (E.D. Mich. 2003). "The appropriate consideration is whether the two cases are *currently* parallel, not whether one could be modified so as to make the cases identical." *Id.* The first indication that a federal and state court action are not parallel is when the parties are distinct. *Id.* However, "exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340. Suits may be deemed parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Grammar, Inc. v. Custom Foam Systems, Ltd.*, 482 F. Supp. 2d 853, 857 (E.D. Mich. 2007).

The complaints in the cases at issue here -- though they involve the same or related parties, and presumably arise out of the same continuing "requirements contract" relationship -- do not involve the same purchase orders or causes of action. Each of the complaints involve distinct acts of "breach." Thus, they are not truly concurrent, parallel proceedings.[1] Because the state action and this one are not parallel, abstention is

---

[1] Behr's counter-claim, however, does seem to fit this characterization. However, it appears to have been filed in direct response to Aleris Canada's opposition to the

inappropriate. *Romine*, 160 F.3d at 339. But even assuming *arguendo* that the two actions are parallel, an analysis of the eight *Colorado River* factors demonstrates that this case does not present the "exceptional circumstances" that warrant abstention. *Colorado River*, 424 U.S. at 818-19.

As indicated, in determining whether abstention is warranted, courts consider eight factors. *Romine*, 160 F.3d at 340-41. These eight factors are: 1) whether the state court has assumed jurisdiction over any res or property; 2) whether the federal forum is less convenient to the parties; 3) avoidance of piecemeal litigation; 4) which court obtained jurisdiction first; 5) whether the source of governing law is state or federal; 6) the adequacy of the state court to protect the federal plaintiff's rights; 7) the relative progress of the state and federal proceedings; and 8) the presence or absence of concurrent jurisdiction. *Id.* "No one factor is necessarily determinative; a careful considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19.

With regard to the first *Colorado River* factor, neither court has jurisdiction over any res or property. Therefore, this factor does not weigh in favor of either position. The parties also admit that neither court is more convenient, although Aleris Canada rightly asserts that, as a foreign entity, its choice of the federal forum for this diversity

---

motion to stay or dismiss.

action should be given due deference.  The piecemeal litigation factor presents a closer question:  The claims involve different time frames, different facts, and different purchase orders, but they all do evolve out of the same "requirements contract" relationship.  As to which court obtained jurisdiction first, this court obtained jurisdiction over these parties on February 26, 2009, and Behr amended its complaint in state court to add Aleris Canada as a party on June 9, 2009.  This Court, therefore, obtained jurisdiction over these parties first, which weighs against abstention.  On the other hand, Michigan law controls here thereby weighing in favor of abstention.  As for the sixth factor, there is no indication that Aleris Canada has asserted a claim in the state court action because it was not a party to that suit.  Now that it has been added as a party defendant, presumably it could counter-claim in state court with the allegations it makes in our action. But, viewing the matter in its current state, the scales tip against deferring to the state action.  This action is only at the scheduling order stage and it does not appear that the state court proceedings have progressed on any issues relevant to the merits of Behr's claims.  Finally, the state court proceeding is currently stayed because the court has recognized that the only viable defendants, Aleris International, the American company, and Aleris Canada, the Canadian company, are both in bankruptcy.   Therefore, the progress of the proceedings factor does not weigh heavily in favor of either position.

  Balancing these factors, the Court finds that the scales tip in favor of rejecting Defendant's *Colorado River* Motion.  Accordingly, the Court will not abstain from entertaining Aleris Canada's complaint.  The Court will, however, abstain from

considering Behr's counter-claim because the counter-claim is part and parcel of the stayed state court proceedings. The fact that Behr may want to offset its costs of cover against Aleris's invoices is not a basis to bootstrap this action and provide a basis to stay Aleris's claims here. Rather, these claims are better litigated in the State court action where Behr originally brought them. Therefore, the Court will also stay Behr's counter-claim in this action.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Behr's Motion for Application of the *Colorado River* Abstention Doctrine to prevent the litigation of Plaintiff's Complaint in this action is DENIED. However,

IT IS FURTHER ORDERED that Behr's counter-claim for breach of contract damages is stayed pending final resolution of the state court proceedings which are currently stayed due to Aleris International's and Aleris Canada's bankruptcies.

SO ORDERED.

                          s/Gerald E. Rosen
                          Chief Judge, United States District Court

Dated: July 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2009, by electronic and/or ordinary mail.
                          s/Ruth Brissaud
                          Case Manager