UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RSM RICHTER, INC., as trustee for
ALERIS ALUMINUM CANADA, L.P.,

                      Plaintiff,                      No. 09-CV-10734-DT

vs.                                                    Hon. Gerald E. Rosen

BEHR AMERICA, INC.,

                      Defendant.
_____/

OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, IN PART

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        February 18, 2011

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

## I. INTRODUCTION

This breach of contract/collection action is presently before the Court on Plaintiff's Motion for Summary Judgment. Defendant has responded to Plaintiff's Motion, Plaintiff has replied, and Defendant has sur-replied. Having reviewed and considered the parties' briefs, supporting evidence, and the entire record of this matter, the Court finds that the pertinent facts and legal contentions are sufficiently presented in these materials, and that oral argument would not assist in the resolution of this matter. Accordingly, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will decide Plaintiff's

1

motion "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS

Aleris Aluminum Canada, L.P. ("AAC") is a Canadian limited partnership with its principal place of business in Quebec, Canada. AAC is an indirect subsidiary of Aleris International, Inc., "a global leader in the production and sale of aluminum rolled and extruded products, recycled aluminum, and specifications ally manufacturing." *See* http://aleris.investorroom.com. During the relevant time period, AAC owned and operated an aluminum processing facility located in Cap de la Madeleine, Quebec, which manufactured light-gauge, flat-rolled aluminum products. Prior to 2006, the Cap de la Madeleine plant was owned by the Corus Group, PLC, which maintained aluminum production operations in Europe, Canada, and China. *Id.* In 2006, Aleris purchased the aluminum rolling and extrusion business from the Corus Group, including its plant located in Cap de la Madeleine, Quebec. Subsequently, the Canadian operations of Corus Group was renamed "Aleris Aluminum Canada, L.P." *Id.*

Defendant Behr America, Inc. ("Behr"), is former a customer of AAC. Behr is a manufacturer of automotive components that it supplies to various major automobile manufacturers and Original Equipment Manufacturers ("OEMs") including General Motors, Chrysler, and Ford. AAC supplied aluminum product to Behr through third-party operated consignment warehouses in three locations -- Dayton, Ohio; Charleston, South Carolina, and Saltillo, Mexico. The parties' business arrangement was such that when Behr removed product from one of the warehouses, Behr updated a computer

system to indicate the amount taken from inventory, and Aleris invoiced Behr accordingly.

Behr began dealing with the Cap de la Madeleine plant when it was still owned by Corus, and had entered into a three-year requirements contract with Corus for the purchase of aluminum product produced by the Cap plant which covered the years 2005 through 2007. (The Corus-Behr contract operated under the same third-party consignment warehouse arrangement discussed *infra.*) AAC honored the contract when it took over the Cap de la Madeleine plant in 2006. When that contract expired, negotiations were commenced with AAC for a new contract in 2008. From Behr's perspective, the only task that needed to be completed with respect to a new contract was for AAC to prepare a new price agreement. AAC, however wanted to prepare a more formal contract that would include Terms and Conditions and could be used as a format for subsequent yearly contracts between the parties. Behr opposed a formal, detailed contract and attempted to persuade AAC to use a simple contract form for a "requirements" contract. Though various drafts of a proposed contract were exchanged in the spring and summer of 2008, no agreement was ever reached. AAC, however, continued to provide Behr with aluminum product.

On July 2, 2008, AAC informed Behr that the unionized work force at the Cap de la Madeleine plant, which produced the aluminum coils sold by AAC to Behr, had formally rejected the company's latest contract proposal. (The union had been working without a contract since February 1, 2008.) AAC told Behr that it could not fill Behr's

pending orders because it had to "lock out" the unionized work force and "declare a state of Force Majeure," effective immediately. On July 12, 2008, AAC again wrote to inform Behr of another rejected union contract proposal and announced the permanent closure of the Cap de la Madeleine plant because of the "magnitude of the disruption caused by the labor unrest." Behr, however, was still able to retrieve previously ordered aluminum product that was already warehoused in Ohio, South Carolina and Mexico.[1]

This lawsuit arises out of Behr's failure to pay for inventory it retrieved from the Ohio, South Carolina and Mexico warehouses between January 25 and December 2, 2008, i.e., before and after the July 2008 work stoppage at the Cap de la Madeleine plant. AAC claims that during this time period, Behr retrieved $1,593,547.50 worth of aluminum product from the consignment warehouse in Saltillo, Mexico and $1,091,788.39 worth of product from the Ohio and South Carolina warehouses, but has failed to pay for any of the product.

Behr acknowledges that it received the product and its corporate representative, Richard K. Skwarek, Jr. testified in a Fed. R. Civ. P. 30(b)(6) deposition that he was not aware of any basis (other than Behr's setoff claims, discussed *infra*) for not paying AAC the amounts owed. [*See* Skwarek Dep., Plaintiff's Ex. 1, p. 46-7.] The invoices sent to

---

[1] Production never resumed at Cap de la Madeleine and on March 30, 2009, AAC filed a voluntary assignment in bankruptcy pursuant to the Canadian Bankruptcy and Insolvency Act to effectuate the liquidation of assets, property and operations at the Cap plant. *See* www.highbeam.com/doc-1G1-196763138.html.

Behr indicated that payment was due on the 30th of the month following the month in which the product was received, which was on average, 45 days after receipt of the product. *Id.* at pp. 10, 38.

Behr admits that it owes AAC $2,589,954.71 (not $2,685,335.89 as alleged by AAC). *See* Defendant's Response Brief, Dkt. # 53, p. 19. While AAC believes that it is entitled to the full amount due alleged in its Complaint, it states in its reply brief that it will accept Behr's calculation of $2,589,954.71 as the amount owed. *See* Plaintiff's Reply Brief, Dkt. # 61, p. 1.

BEHR'S SET-OFF CLAIM

Although Behr does not dispute that it has failed to pay AAC $2,589,954.71 for aluminum it retrieved from the Mexico, Ohio and South Carolina consignment warehouses from January 25 through December 2, 2008, it claims it has a right to set-off cover damages it incurred in the amount of $1,530,597.54. Behr allegedly incurred these damages as a result of AAC's alleged breach of a requirements contract Behr claims to have had with AAC for the period January 1 through December 31, 2008, (i.e., after the previous Corus-Behr agreement had expired) and that when AAC closed its Cap plant, it was not entitled to declare a "force majeure" under that contract. Because Behr needed a continued supply of aluminum product (above and beyond that which had already been ordered by Behr and produced by AAC and stored in the consignment warehouses), it claims that when AAC stopped production, it breached the 2008 requirements contract, and required Behr to obtain aluminum from other suppliers.

5

PROCEDURAL HISTORY OF THIS LITIGATION

AAC filed the instant action on February 26, 2009. Behr was served on March 2, 2009 but failed to timely answer. Therefore, on May 15, 2009, AAC requested and obtained a Clerk's Entry of Default against Behr. On May 19, 2009, before filing an answer or moving to set aside the default, Behr filed a Motion to Dismiss the case based upon the *Colorado River*[2] abstention doctrine. Behr argued in that Motion to Dismiss that this action was "parallel" to an action which Behr had filed in Oakland County Circuit Court the year before, in July 2008, which, at the time, was still pending. Then, on June 9th, Behr moved to set aside the default. The Court granted Behr's motion to set aside the default on June 12, 2009. Then, on July 2, 2009, Behr filed its Answer to AAC's Complaint along with a Counterclaim for breach of contract seeking "cover" damages for aluminum coil it had to obtain from other suppliers after the July 2, 2008 work stoppage at AAC's Cap de la Madeleine plant.

Behr's State Court Action

Behr's claims in the state court action, like its Counterclaim in this action, arise out of the work stoppage at AAC's Cap de la Madeleine plant and are based upon the breach of the alleged 2008 "requirements" contract (discussed above) which Behr claimed obligated AAC to provide it with aluminum product for some indefinite time into the future. AAC, however, was not named as a defendant in the original state court

---

[2] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

complaint which was filed in July 2008; the complaint named instead Aleris International, Inc. (a Delaware corporation) and Aleris Rolled Product -- North America, Light Gauge Group. The case proceeded through discovery until February 19, 2009 (coincidentally one week before the filing of this action) when Aleris International was dismissed from the state court action because of that entity's filing for Chapter 11 bankruptcy in the United States District Court for the District of Delaware. Then, on March 30, 2009, AAC, filed for bankruptcy in Canada under Canadian law. Aleris Rolled Product, the only other defendant in the state court action, claiming that "Aleris Rolled Product" was merely an assumed name of AAC, thereafter argued in the state action that claims against it should also be dismissed or stayed because of AAC's Canadian bankruptcy.[3]

On May 21, 2009, the state court ruled that it could not dismiss or stay the case against Aleris Rolled Product because AAC was not a party to the *Behr v. Aleris* action. The court, however, proceeded to allow Behr to amend its complaint to add AAC as a party-defendant, and after AAC was served, the state court once again considered the effect of the Canadian bankruptcy. On July 23, 2009, the state judge ordered the state case stayed due to AAC's bankruptcy.

This Court Stays Behr's Counterclaim

---

[3] At the time it filed its complaint in the state court, however, Behr had claimed that "Aleris Rolled Product" was an assumed name for Aleris International. Aleris International stated in pleadings that Behr's business relationship was with AAC, and Behr denied this. After Aleris International filed for bankruptcy, however, Behr reversed its position and agreed that "Aleris Rolled Product" was an assumed name of AAC.

Meanwhile, prior to the Aleris/AAC bankruptcies, on February 26, 2009, not having been made a party to the state court action by that time so as to have entitled it to assert a counterclaim in the state court action, AAC filed the instant action in this Court seeking payment for multiple orders for aluminum made by Behr prior to the July 2, 2008 stoppage of work at the Cap de la Madeleine plant which have been filled by AAC but never paid for. On July 2, 2009 Behr filed its counterclaim seeking cover damages for aluminum coil it had to obtain from other suppliers after the work stoppage at the plant.

On July 29, 2009, this Court entered an Opinion and Order denying Behr's *Colorado River* motion to stay AAC's complaint but ordered Behr's counterclaim stayed because it found that the counterclaim to be part and parcel of the previously stayed state court action. The Court determined that Behr's claims for cover damages would be best litigated in the State court action where Behr originally brought them. *See* 7/29/09 Opinion and Order, Dkt. # 25, p. 11. Therefore, the Court ordered Behr's counterclaim for breach of contract damages stayed pending final resolution of the state court proceedings. As of this date, Behr's state court proceedings for cover damages remain stayed. *See Behr v. Aleris*, No. 2008-093109-CK, docket *available* at: http://www.oakgov.com/clerkrod/courtexplorer/.

Meanwhile, RSM Richter, Inc. was appointed by the Canadian Bankruptcy Court as Trustee for AAC, and was substituted as the Plaintiff in this action. The parties thereafter proceeded with discovery. Discovery has now closed, and Plaintiff now seeks entry of summary judgment in the principal action in its favor.

As indicated, Behr does not dispute that it owes Plaintiff $2,589,954.71. It argues, however, that summary judgment should not be granted in favor of Plaintiff for that amount because it has asserted an "affirmative defense" of set-off for breach of contract damages.

### III. DISCUSSION

#### A. STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Through the present motion, RSM Richter, as trustee for Aleris Aluminum Canada, seeks entry of summary judgment in its favor in the amount owed to it by Defendant Behr, $2,589,954.71. Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has explained, "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In addition, where a moving party -- here, Plaintiff -- seeks an award of summary judgment in its favor on a claim or issue as to which it bears the burden of proof at trial, this party's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted).

9

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.,* 434 F.3d 810, 813 (6th Cir. 2006). Yet, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Moreover, any supporting or opposing affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Finally, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack,* 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

B.   BEHR BREACHED ITS CONTRACTUAL OBLIGATION TO PAY AAC FOR PRODUCT BEHR RECEIVED

In order to establish a breach of contract claim under Michigan law, a plaintiff must establish both the elements of a contract and the breach of it. *See Pawlak v. Redox Corp.*, 182 Mich. App. 758, 765, 453 N.W.2d 304 (1990). The essential elements of a valid contract are: (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. *Thomas v. Leja*, 187 Mich. App. 418, 422 , 468 N.W.2d 58(1991). Once the plaintiff establishes the elements of a contract, it must then establish that the contract was breached and damages resulting from the breach. *Alan Custom Homes, Inc. v. Krol*, 256 Mich. App.

505, 512, 667 N.W.2d 379 (2003). Where performance is due under a contract, nonperformance constitutes a breach. *Woody v. Tanner*, 158 Mich. App. 764, 771-72, 405 N.W.2d 213 (1987).

Here, Defendant Behr does not dispute the existence of the 2005-2007 contract, the validity of that contract, its breach of the contract or that AAC incurred damages as a result of that breach. Behr admits that AAC produced aluminum product and delivered it to three consignment warehouses and Behr retrieved the product directly from the warehouse inventory. *See* Deposition of Richard Skwarek Dep., Plaintiff's Ex. 1, pp. 20-21, 24. Behr was invoiced each time it removed AAC product from the warehouses. *Id.* at pp. 42-43. Further, Behr admits that it was contractually obligated to pay for the product but that it has failed to do so. *Id.* at 46. Behr further does not dispute that the unpaid amounts total $2,589,954.71. *See* Defendant's Response Brief, Dkt. # 53, p. 19.

Behr's only reason for not paying AAC is its assertion of a set-off claim for alleged damages amounting to $1,530,597.54 it claims to have incurred as a result of Aleris's closing of its Cap de la Madeleine plant. *See* Skwarek Dep., p. 47. Defendant's claim for set-off , however, does not preclude entry of summary judgment in favor of Plaintiff.

While claims for set-off and recoupments envision resolution in the same suit, this does not mean that claims which may be offset must be resolved at trial, as opposed to summarily adjudicated on an undisputed record. Rather, a "[c]ourt may grant summary judgment in favor of a moving party, even if there is a possibility of set-off brought about

11

by claims remaining as an issue for litigation." *Marathon Ashland Petro., LLC v. Selker Bros.*, Inc., 2007 WL 1169322 at *3 (N.D.Ohio 2007); *see also*, *Tennessee Educ. Lottery Corp. v. Smartplay Intern., Inc.*, 2010 WL 4659216 (M.D. Tenn. 2010); *Tycoons Worldwide Group v. JBL Supply, Inc*., 246 F. Supp. 2d 194, 203-04 (S.D.N.Y.2010) ("the fact that [defendant] may have a counterclaim against plaintiff does not preclude the entry of summary judgment against [defendant] for the undisputed amount it owes plaintiff"); *Electro-Catheter Corp. v. Surgical Specialties Instrument Co*., 587 F. Supp. 1446, 1456-57 (D.N.J.1984) (summary judgment on a claim for sale of goods warranted where defendant did not dispute that goods were delivered or that invoices accurately reflected the price of the goods, even though defendant's claim for setoff remained to be adjudicated).

As was recently observed by another court in this District, "While setoff counterclaims should generally be adjudicated within a single lawsuit so that final judgment accounts for any setoff rights, this principle does not necessarily require that all claims and counterclaims be disposed of by a single order within the litigation." *Aleris Aluminum Canada L.P. v. Valeo*, 718 F. Supp.2d 825, 830 (E.D. Mich. 2010) (Duggan, J.) (citations omitted). See also *Harris Thomas Indus., Inc. v. ZF Lemforder Corp*., 2007 WL 3071676, at *6 (S.D.Ohio 2007) (granting partial summary judgment on plaintiff's breach of contract claim though a genuine issue of fact remained as to one of defendant's counterclaims).

It is clear, therefore, that the Court may properly grant partial summary judgment

on undisputed amounts owed by Behr even though a dispute sill exists as to other sums. *See e.g., T.S.I., Inc. v. Berman Enters., Inc.*, 115 F.R.D. 252, 255-56 (S.D.N.Y. 1987).

In this case, Defendant Behr does not dispute its non-payment of $2,589,954.71 for aluminum product it received from AAC and admits having no defense for its non-payment of at least $1,059,357.17. Therefore, the Court will enter partial summary judgment in favor of Plaintiff for this amount. Defendant disputes that it should pay the remaining $1,530,597.54 of the amounts owed to AAC. This is the sum that Defendant claims it is entitled to set off against the amounts owed to AAC due to AAC's alleged breach of a purported requirements contract entered into by the parties in 2008. The parties clearly dispute the existence of such a contract, let alone the breach of any such contract.

This alleged contract, as well as Behr's claimed breach of the contract and damages incurred as a result, is the subject of the state court action brought by Behr in Oakland County Circuit Court and was re-alleged by Behr in its Counterclaim in this action. Both the state court action and Behr's counterclaim in this action have been stayed. The state court stayed Behr's action due to Aleris's and AAC's bankruptcies. This Court stayed Behr's counterclaim in this action because it is duplicative of the claims Behr is asserting in the state court proceedings. Behr may not subvert that ruling by simply calling that the very same claim an affirmative defense and, in any event, as discussed above, it is entirely appropriate for a court to grant partial summary judgment notwithstanding the existence of an unresolved claim for set-off.

The purpose of the stay order was to prevent Behr from litigating in this Court the very same claim it has asserted in the state court action. Therefore, Behr's set-off claim must await adjudication by the state court.

C.   AAC IS ENTITLED TO PRE-JUDGMENT INTEREST

AAC will also be entitled to interest on the amounts owed at a rate of 5% accruing from the date that the invoices should have been paid until final judgment. In a diversity case, such as this one, the question of prejudgment interest is to be determined under state law. *Diggs v. Pepsi-Cola Metropolitan Bottling Co., Inc*., 861 F.2d 914, 924 (6th Cir.1988). Therefore, this Court must apply Michigan state substantive law in deciding whether or not to award plaintiff pre-judgment interest.

M.C.L. § 438.7 provides:

> In all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict. . . or by any other mode of assessment according to law, it shall be lawful. . . to allow and receive interest upon such amount so ascertained or liquidated, until payment thereof or until judgment shall be thereupon rendered; and in making up and recording such judgment, the interest on such amount shall be added thereto, and included in the judgment.

"With respect to interest potentially accruing before the filing of the complaint, federal courts applying Michigan law have recognized that 'generally Michigan courts have included interest as an element of damages as a matter of right where the amount of the claim is liquidated.'" *Holland v. Earl G. Graves Publishing Co.*, 33 F. Supp. 2d 581, 583 (E.D. Mich. 1998), *quoting Jones v. Jackson Nat'l Life Ins. Co*., 819 F. Supp. 1382,

14

1383 (W.D.Mich.1993)( citing *Banish v. City of Hamtramck*, 9 Mich. App. 381, 385, 157 N.W.2d 445 (1968)). A claim for damages is defined as being "liquidated" where "'the amount thereof is fixed, has been agreed upon, or is capable of ascertainment by mathematical computation or operation of law.'" *Holland, supra*, *quoting Robinson v. Loyola Foundation, Inc.*, 236 So.2d 154, 157 (Fla. App.1970)(citing cases). In cases where the amount claimed is liquidated, "interest has generally been allowed from the date when the claim accrued or in other words, 'from the date compensation would have been due had it been paid voluntarily,'" *Jones v. Jackson Nat'l Life Ins. Co., supra*, 819 F. Supp. at 1383, *quoting Currie v. Fiting*, 375 Mich. 440, 454, 134 N.W.2d 611 (1965)), until "payment thereof or until judgment." M.C.L. § 438.7. Interest is calculated at 5% per annum. M.C.L. § 438.31; *see also, Holland v. Earl G. Graves Publishing Co.*, 33 F. Supp. 2d at 584.

AAC's claim was liquidated, as evidenced by the invoices sent to Behr. As such, AAC will be entitled to interest at a rate of 5% on amounts owed by Behr from the dates that the invoices should have been paid by Behr until paid or until final judgment is entered in this matter.

## CONCLUSION

For all of the reasons set forth above in the Opinion and Order,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment **[Dkt. # 50]** is granted, in part.

IT IS FURTHER ORDERED that partial summary judgment is hereby entered in

favor of Plaintiff Aleris Aluminum Canada and against Defendant Behr America, Inc., in the amount of $1,059,357.17, plus pre-judgment interest at a rate of 5% per annum from the dates that the invoices should have been paid by Behr until paid or until final judgment is entered in this matter.

                                    s/Gerald E. Rosen  
                                    Gerald E. Rosen  
                                    United States District Chief Judge

Dated: February 18, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 18, 2011, by electronic and/or ordinary mail.

                                s/Ruth A.Gunther  
                                Case Manager  
                                (313) 234-5137